UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**DEREK MATTHEW OTTERSON**                                                                 **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 1:20-CV-P137-GNS**

**CHARLES BATES** *et al.*                                                            **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983.[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff is a pretrial detainee incarcerated at the Adair County Regional Jail. He brings suit against three Defendants – Department of Public Advocacy (DPA) Attorney Charles Bates; DPA Attorney Samantha Costello; and Kentucky State Police Trooper Bill Begley.

Plaintiff initiated this action by filing a § 1983 complaint form with several attachments. In the relief section of the complaint form, Plaintiff indicates that he seeks injunctive relief only. He specifically states that he seeks "a (new) ruling, or acquittal, grounds beyond reasonal doubt for incarceration, or trial. Hold accusing parties accountable for the miscarriage of Justice, provide adequate counsel." The first attachment is titled "Writ of Habeas Corpus, 1983 form." In the attachment, Plaintiff details the circumstances surrounding his arrests and his ongoing state-court criminal proceedings. He specifically outlines the allegedly wrongful actions of Defendant Trooper Begley during the events leading up to his arrests, as well as during his

---

[1] Plaintiff titles one of the attachments to the complaint a "Writ of Habeas Corpus, 1983 form." Plaintiff, however, may not seek habeas relief and relief under § 1983 in the same action. For purposes of this initial review, the Court has treated this action as one brought pursuant to § 1983 since Plaintiff initiated it by filing a § 1983 complaint form.

arrests, and explains why he is unsatisfied with the legal representation of Defendants Bates and Costello in his criminal case. After Plaintiff sets forth these details, he states:

> I pray this court adjusts its ruling due to severe injustice, the many violations to my civil and constitutional right prevalent, in a form 19 writ of mandamus to court of appeals and 1983 form writ of habeas corpus to be addressed by this court for review and request of relief, and that my counsel be deemed inadequate by way of misconduct and neglect of duty . . . .
>
> Allegations against [Defendant] Costello include, solicitation, enticement, entering into an agreement under false pretenses, and inadequate counsel . . . .
>
> My allegations against [Defendant] Begley include Entrapment, stalking, lying in wait, unlawful arrest, assault, excessive force, conduct unbecoming, trespassing, making allegations outside the boundaries of the law that is the KRS, prohibiting the course of Justice that would allow me to face my accuser in open court.
>
> I ask this court for relief in the form of a vacation of the agreed order that was entered under false pretenses by way of enticement. I also ask for a change of venue for a trial, apart from a court that I fear the ones bringing me before are wrought with prejudice and complacent with entrapment, for [] have been incarcerated a year and been before Adair County Circuit Court and have no inclination or direction or potential resolve, with other unknown parties having self serving alterior motives and lack of accountability leading them to succumb to fear neglecting swift justice. . . . I have been incarcerated 12 months for what KRS outlines as a misdemeanor with little or no attention . . . .

In another attached document, Plaintiff writes:

> P.S. I'm desperately seeking a severance from the state, aka a stay away order, and have been since incident March '19.

In another document attached to the complaint, Plaintiff specifically outlines how his constitutional rights are allegedly being violated by the state trial court and asks the Court to "overturn" some of the trial court's rulings in his case related to a motion for bond reduction; motion for a speedy trial; and motion to "relieve council of duty and represent myself at further proceedings before the court."

Plaintiff has also filed a "motion for expedited ruling." In this motion, Plaintiff states that "it is my firm belief that injustice has rendered my case stagnant and the 29th Judicial Circuit

calloused leaving me victim to be stripped of numerous constitutional and civil rights. . . . I plea this court can contend that help or address lies with authority and will continue to lie with authority, growing in desperation without just judgment."

Finally, in a supplemental pleading (DN 4), Plaintiff asserts that new constitutional violations have occurred in his criminal proceedings. He then states "if [there] is a statute of limitation her[e] I wish this court would address it, I was incarcerated 7 months 21 days last year and 4 months this year, presumably innocent and without resolve."

## II.

As the complaint form and other documents Plaintiff has filed make clear, all of Plaintiff's claims relate to ongoing state-court criminal proceedings. There is "a strong judicial policy against federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975). Thus, when a federal action deals with issues involved in a state-court proceeding, the federal court must abstain until the conclusion of the state proceeding, absent extraordinary circumstances. *James v. Hampton*, 513 F. App'x 471, 473-74 (6th Cir. 2013) (citations omitted). The Supreme Court first considered the propriety of federal-court intervention in pending state criminal prosecutions in *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)). Further, the *Younger* abstention doctrine may be raised *sua sponte* by the Court or by the parties. *See O'Neill*, 511 F.3d at 642.

"The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the

state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). If the three *Younger* criteria are satisfied, the court should abstain from interfering "unless there is a showing of bad faith, harassment, or another extraordinary circumstance that makes abstention appropriate." *Graves*, 534 F. App'x at 406 (citing *Am. Family Prepaid Legal Corp.*, 498 F.3d at 332). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. The Commonwealth of Kentucky clearly has an important interest in adjudicating Plaintiff's criminal action. Moreover, Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. Indeed, to the extent that Plaintiff believes that his constitutional rights have been violated by the state trial court, he still has a number of state-court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court.[2] In addition, Plaintiff alleges no unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. *See also Am. Family Prepaid Legal Corp.*, 498 F.3d at 334 ("Abstention is appropriate unless state law clearly bars the interposition of the constitutional claims.") (citation omitted).

Furthermore, Plaintiff's allegations do not implicate any of the *Younger* exceptions. He does not allege a flagrantly unconstitutional statute or an extraordinarily pressing need for

---

[2] In the complaint, Plaintiff indicates that he has filed an action against his state-court judge with the Kentucky Court of Appeals for a writ of mandamus. It appears, however, based upon another attachment to the complaint, that the petition was dismissed because it was procedurally deficient.

federal relief. Plaintiff's allegations might be read to support a claim that Defendant Begley is acting in bad faith or intends to harass, but Defendant Begley is not bringing the state proceeding, the Adair County Commonwealth's Attorney is. Moreover, the Sixth Circuit has interpreted the "bad faith/harassment" exception very narrowly:

> As we have explained, the Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806-08 (3d ed. 1999) ); *see also, e.g., McNatt v. Texas*, 37 F.3d 629 (5th Cir. 1994) (holding that the bad faith/harassment exception to *Younger* "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions").

*Lloyd v. Doherty*, No. 18-3552, 2018 U.S. App. LEXIS 33324, at *10 (6th Cir. Nov. 27, 2018). Plaintiff's allegations do not meet this standard.

Thus, because none of the exceptions apply, the instant § 1983 action is subject to *Younger* abstention. Moreover, because Plaintiff seeks only equitable relief, in that he would like the Court to interject itself into his state criminal proceeding, dismissal without prejudice is appropriate. *See, e.g.*, *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). ("[T]he United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles . . . where the relief being sought is equitable or otherwise discretionary.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *see also Manning v. Sayles*, No. 2:19-cv-216, 2020 U.S. Dist. LEXIS 24229, at *7 (W.D. Mich. Feb. 12, 2020) (dismissing § 1983 action without prejudice where only relief the plaintiff sought was the court's involvement in his state-court criminal proceeding).

In dismissing this § 1983 action, the Court notes that Plaintiff may assert his constitutional claims and seek equitable relief in a habeas corpus action. *Preiser v. Rodriguez*,

411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Because Plaintiff is a pretrial detainee, the Court will direct the Clerk of Court to send him a § 2241 form for his should he decide to initiate a habeas action.[3]

### III.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a 28 U.S.C. § 2241 habeas corpus petition form.

Date: October 26, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Adair County Attorney
4416.011

---

[3] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).